# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MELISSA MAZE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.: 2:24-cv-00731-RDP |
| | } | |
| **CREDENCE RESOURCE** | } | |
| **MANAGEMENT, LLC.,** | } | |
| | } | |
| **Defendants.** | } | |

## PROTECTIVE ORDER

Before the court is the parties' Joint Motion for Protective Order. (Doc. # 6). The Motion (Doc. # 6) is **GRANTED**.

The parties recognize that documents, testimony and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, proprietary information, or other confidential or sensitive information belonging to Defendant and/or credit and other confidential information of Plaintiff. Therefore, based on the stipulation and agreement between the parties, Plaintiff Melissa Maze ("Plaintiff") and Defendant Credence Resource Management, LLC ("Defendant"), through their respective attorneys of record, it is hereby **ORDERED** as follows:

1.  This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

2.  Any Party or non-party producing or filing documents or other materials in this

action may designate such materials and the information contained therein subject to this Order as confidential by typing or stamping on the front of the document, or on portions of the document for which confidential treatment is desired, "CONFIDENTIAL."

3. If a producing Party has a reasonable and good faith belief that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents or materials that it designates as "CONFIDENTIAL" are disclosed to other Parties or non-parties to this action, the producing Party may designate those particular documents or materials as "CONFIDENTIAL — ATTORNEYS EYES ONLY," and subject to the provisions found in Paragraph 8 below, such designated documents or materials will not be shared with or otherwise made available to any person or entity other than counsel of record in this action or this Court.

To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party seeking to file such papers under seal shall designate such materials, or portions thereof, as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS EYES ONLY." In so designating such papers, documents or deposition testimony said party shall do so weighing "the public interest in accessing court documents against a party's interest in keeping information confidential" considering among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond*, 480 F. 3d 1234, 1246 (11th Cir. 2007).

The parties shall adhere to the following procedure:

Before filing any documents or deposition testimony under seal, the party seeking to file such materials must follow this process:

**3.1** **Submission to Opposing Party:** The party seeking to file documents or deposition testimony under seal must first provide the opposing party with the specific documents or testimony at least ten (10) days before the intended filing date. This submission must include a detailed explanation of the reasons for seeking to file the documents under seal, including why less restrictive alternatives such as redaction are not sufficient.

**3.2** **Response from Opposing Party:** The opposing party shall have seven (7) days from receipt of the documents to review and respond in writing. The response must state whether the opposing party agrees with the request to seal the documents or testimony and, if not, provide specific reasons for the disagreement. The response may also suggest less restrictive alternatives, such as redaction, that would adequately protect the confidential information.

**3.3** **Meet and Confer:** If the opposing party disagrees with the request to seal, the parties must meet and confer in good faith within three (3) days of the opposing party's response to attempt to resolve the dispute without court intervention. The parties shall discuss potential redactions or other measures that would protect the confidential information while allowing for public access to non-sensitive information.

**3.4** **Motion to Seal:** The party seeking to file under seal may then file a motion to seal with the court. This motion must include:

- A certification that the parties have complied with the meet and confer requirement.
- A specific description of the documents or testimony to be sealed.

- The legal and factual basis for sealing, demonstrating good cause, including why less restrictive alternatives are not adequate.

- The opposing party's response and any proposed alternatives, if applicable.

**3.5** **Temporary Sealing:** Pending the court's ruling on the motion to seal, the documents or testimony shall be treated as provisionally sealed and shall be filed under temporary seal. During this period, access to the sealed material shall be limited to the court, the parties, and their counsel.

**3.6** **Public Notice:** The motion to seal must be noted on the public docket, with a notice that the motion has been filed and that a non-confidential version of the document or testimony, if appropriate, is available for public inspection. The notice must state that the public has a right to access the judicial documents and that objections to the motion to seal may be filed.

**3.7** **Court Review:** The court will review the motion to seal and any objections filed by the public. The court will balance the public's common-law right of access to judicial records against the interest of the party seeking to keep the information confidential.

**3.8** **Order on Motion to Seal:** If the court grants the motion to seal, the moving party may then file the documents under seal in accordance with the procedures required by the court and Clerk of Court's office. In all cases, however, the parties shall serve on the attorneys for the other parties unredacted copies of the filings.

**3.9** **Maintaining Sealed Records:** Any document or testimony ordered sealed by the court will be maintained under seal by the Clerk of the Court, with access limited to the court, the parties, and their counsel, unless otherwise ordered by the court.

3.10 **Final Disposition**: Upon the final disposition of the case, including any appeals, any party or interested member of the public may move to unseal the documents or testimony. The court will then determine whether continued sealing is warranted under the circumstances.

4. In any dispute over the designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order, the parties first shall try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, any party may seek appropriate relief from the court. The designating Party shall have the burden of proving that the materials constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information pursuant to applicable law or as otherwise contemplated herein.

5. A party or non-party who discloses or produces a confidential document not designated as confidential may, within seven (7) days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. If a party provides a written objection to the designating party as to the designation of material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," the objecting party shall submit a motion to the court within twenty-one (21) days of such objection. If a motion is timely filed by the objecting party, the material will be subject to this Order pending a ruling by the court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" subject to the provisions of this Order.

7. All documents, transcripts, or other materials subject to this Order and all information derived therefrom (including, but not limited to, all testimony, deposition, or

otherwise, that refers, reflects, or otherwise discusses any of the information designated as "CONFIDENTIAL" hereunder), shall not be used, directly or indirectly, by any person, including the other the parties, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL," pursuant to court order, any document, transcript, pleading, or materials given confidential treatment under this Order, and any information contained in or derived from any such materials (including but not limited to all deposition or other testimony that refers, reflects, or otherwise discusses any information designated as "CONFIDENTIAL" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

    A. The Court and its officers;

    B. Parties to this litigation;

    C. Counsel for the respective Parties to this litigation and clerks, paralegals, secretaries, or other employees of counsel;

    D. Fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

    E. Experts specially retained as consultants or expert witnesses in connection with this litigation; and

    F. Present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure without his or her first

signing a Confidentiality Agreement agreed upon by the parties).

9. Documents produced pursuant to this Order shall not be made available to any third parties, including any person designated in subparagraph 8(E), unless he or she shall have first read this Order and agreed to be bound by its terms by signing the attached Declaration of Compliance.

10. All persons receiving any or all confidential documents, information, transcripts, or other materials produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, transcripts, or other materials shall disseminate or disclose them to any person other than those described above in Paragraph 8 and for the purposes specified, and in no event shall such person make any other use of such confidential documents, information, transcripts, or other materials.

11. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of, the Party asserting confidential treatment with respect to any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information designated by said party in accordance with this Order.

12. If "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information submitted in accordance with this Order is disclosed to any person other than in a manner authorized by this Order, the Party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the Party asserting confidential treatment, and make every effort to prevent further disclosure.

13. Except as otherwise provided herein, nothing in this Order prohibits a party from using in this litigation of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

15. The court may for good cause modify this Order or grant any party relief therefrom.

16. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," nor the failure to make such designation, shall necessarily constitute evidence with respect to any issue in this action.

17. After the final termination of this litigation (including any appeals), and upon written notice by the designating party, all documents or other materials afforded confidential treatment pursuant to this Order, shall, upon request, be returned to the party or destroyed. The obligations imposed by this protective order survive the termination of this action.

**DONE** and **ORDERED** this July 22, 2024.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE

## EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4 I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2024 at _____.

_____
QUALIFIED PERSON